IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIAM F. BASKINS, #208572, | ) Civil Action No.: 4:04-2220-PMD-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| WARDEN, KIRKLAND CORRECTIONAL | ) **REPORT AND RECOMMENDATION** |
| INSTITUTION; AND HENRY MCMASTER | ) |
| ATTORNEY GENERAL FOR SOUTH | ) |
| CAROLINA, | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

Petitioner, William Baskins ("petitioner/Baskins"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1] on July 14, 2004. Respondents filed a motion for summary judgment on September 2, 2004, along with supporting memorandum. Respondents filed a supplemental memorandum on September 8, 2004. The undersigned issued an order filed September 13, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to respondents' motion for summary judgment on October 13, 2004.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

## I. PROCEDURAL BACKGROUND

The procedural history as set forth by respondents in their memorandum has not been seriously disputed by petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by respondents.

The plaintiff, William F. Baskins, is presently confined in the South Carolina Department of Corrections pursuant to the Richland County Clerk of Court's orders of commitment. On June 28, 2000, an arrest warrant issued charging the petitioner with assault and battery with intent to kill. The Deputy Public Defender Michael Truesdale represented the Petitioner on the charge. On August 31, 2000, the Petitioner waived grand jury presentment and pleaded guilty as charged.[2] App.p. 1-22. The Honorable Perry M. Buckner, III, sentenced the petitioner to twenty (20) years imprisonment. The petitioner did not appeal his conviction or sentence.

The petitioner made an Application for Post-Conviction Relief filed September 28, 2000. In his original application the petitioner alleged that his convictions and sentence were unlawful on the following grounds:

    A.    Involuntary plea due to ineffective assistance of counsel.

        1.Conviction obtained by the unlawful coercion and promises of counsel which inevitably lead to Applicant's involuntary plea, hence, in violation to Applicant's involuntary plea, hence, in violation of the Fifth and Sixth Amendments to the U.S. Constitution, as applied by means of the Fourteenth.

        A.    ....a hearing was convened on August 31, 2000.

        B.    ....counsel admonished Applicant that he could not proceed to trial as desired, but instead must enter a guilty plea to the

---

[2]Indictment No. 00-GS-40-53684.

|     |     |
| --- | --- |
|     | charge of Assault and Battery with intent to Kill. Furthermore counsel egregiously promised Applicant that he would incur a sentence of less than ten (10) years in exchange for his plea. |
| C.  | ....Applicant unintelligently tendered a plea of guilt under the false assumption that trial was not possible. |
| D.  | As a result of Applicant's coerced plea, the trial court imposed an onerous sentence of twenty (20) years, contrary to the promises relayed by counsel. |
| E.  | ....Applicant's plea was involuntarily rendered without full knowledge of possible consequences, or his right to trial by jury. |

App.p. 25-26. The respondent made its Return on November 22, 2000. App.p.36-39. On July 19, 2001, the petitioner, through counsel Gregory Harris made a memorandum in support of the application. App.p. 30-35.

An evidentiary hearing into the matter was convened on July 24, 2002, at the Richland County Courthouse. The petitioner was present at the hearing and was represented by counsel Harris. The respondent was represented by David Spencer of the South Carolina Attorney General's Office. At the hearing, the petitioner testified on his own behalf. Testifying on behalf of the State was Michael D. Truesdale. App.p. 42-86. The PCR Court had before it a copy of the transcript of the proceedings against the petitioner, the records of the Richland County Clerk of Court and the petitioner's records from the South Carolina Department of Corrections.

On October 5, 2001, the Honorable J. Ernest Kinard, presiding judge entered his order granting a request for post-conviction relief and remanded the matter for resentencing based upon the Applicant's absence from an "ex parte hearing." App.p. 87-94. The other claims were denied.

The petitioner made a notice of appeal. The State made a cross-appeal. In his petition for writ of certiorari, Baskins, through appointed appellate counsel Aileen P. Clare of the South Carolina Office of Appellate Defense raised the following question in the petition for writ of certiorari dated April 8, 2002:

> Was trial counsel ineffective for failing to explain the elements of Petitioner's charge before advising him to plead guilty?

Petition for Writ of Certiorari, p.2. The Respondents made a return to the petition on May 23, 2002. On January 10, 2003, the South Carolina Supreme Court entered an Order that "Petitioner/Respondent's petition is denied . . ." On January 28, 2003, the South Carolina Supreme Court entered its remittitur to the lower court. The remittitur pertained "only to the appeal of William Baskins."[3] Respondents submitted a supplemental memorandum on September 8, 2004, stating that on April 5, 2004, the petitioner appeared before the Honorable G. Thomas Cooper, Jr. For resentencing pursuant to the remand of the South Carolina Supreme Court. Petitioner was

---

[3] The State had also cross-appealed in the matter. On June 5, 2002, the State through Assistant Attorney General David Spence made a "Cross-Petition for Writ of Certiorari" raising as the ground in the state's petition:

> Is Baskins entitled to a new sentencing hearing where he waived his right to be present during in-chambers testimony from the victim?

Cross-Petition for Writ of Certiorari, p. ii. Baskins, through appellate counsel Clare made a "Petitioner/Respondent's Return to Respondent/Petitioner's Petition for Writ of Certiorari" on September 18, 2002. On January 10, 2003, the South Carolina Supreme Court contemporaneously with the order denying certiorari on Baskin's petition granted the State's petition and ordered further Briefing. The State made its "Brief of Petitioner" on April 8, 2003. Baskins made his Brief of Respondent on July 14, 2003. On December 22, 2003, the South Carolina Supreme Court entered its opinion that "we dismiss the writ [of certiorari] as improvidently granted." William Baskins v. State of South Carolina, Memo. Op. No. 2003-MO-074 (SCDCT December 22, 2003). The remittitur in that appeal by the State was entered on January 7, 2004.

sentenced to a term of sixteen (16) years confinement with credit for time served. Respondents attached a copy of the re-sentencing commitment. (Doc. # 8).

## II. PETITIONER'S GROUNDS FOR RELIEF

In his pro se petition, Baskins asserts the following grounds for habeas corpus relief, quoted verbatim:

A.       Denial of Effective Assistance of Counsel.

      A.       The evidence presented at the guilty plea, even if considered in the light most favorable to the prosecutor's (i.e. if we believe everything in the transcript), could not have possibly triggered a conviction for ABIK in the sense that no rational fact-finder could have found the essential elements of ABIK beyond a reasonable doubt, and the conviction was obtained only through denial of effective assistance of counsel.

## III. SUMMARY JUDGMENT

On September 2, 2004 and September 8, 2004, the respondents filed a return and memorandum of law in support of their motion for summary judgment and a supplemental memorandum. Petitioner responded to the motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services,

901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### IV.  STANDARD OF REVIEW

Since Baskins filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.

1998); Green v. French, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law.  See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review.").  Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d).  See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).  In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

## V.  ANALYSIS

Respondents assert that the petition is a "late petition" under 28 U.S.C. §2244 and must be dismissed. Specifically, respondents argue that the conviction was entered on August 31, 2000. (App. 1, 97). The state PCR action was filed in Richland County on September 28, 2000. Respondents assert that under 28 U.S.C. §2244(d), the federal habeas corpus statute of limitations tolled under certiorari was denied on January 10, 2003. The South Carolina Supreme Court gave written notice to counsel of the fact that the remittitur was entered on January 28, 2003. Respondents argue that petitioner had until either January 10, 2004 or January 28, 2004 to file his petition for writ of habeas corpus in this Court. Respondents assert that the petitioner was not delivered until June 23, 2004, which is beyond the one year statute of limitations set by Congress.

Petitioner responded to respondents' motion arguing that the petition is not late because the final resolution was reached when he was resentenced to 16 years on April 5, 2004. The applicable law is as follows:

> The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[4] Subsection (d) of the statute now reads:
>
>> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>>
>>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

However, "[t]ime during which a properly filed state court application for collateral review is pending is excluded from the one year period." Reyes v. Keane, 90 F.3d 676 (2nd Cir. 1996); 28 U.S.C. § 2244(d)(2).

A review of the record reveals that the conviction was entered on August 31, 2000. On September 28, 2000, petitioner filed his state PCR which tolled the limitations period. The South Carolina Supreme Court issued the remittitur on January 28, 2003. Thus, the time period began to run again. The undersigned finds that based on the statute, petitioner had until January 28, 2004, to file his habeas petition. The Houston v. Lack delivery date of his petition is June 23, 2004. Therefore, the undersigned finds that the petition is barred by the statute of limitations pursuant to 28 U.S.C. §2244.

In the alternative, the undersigned also considered the merits of the petition and will briefly

9

discuss the analysis of the arguments.

Petitioner asserts that his counsel was ineffective for not advising him of the state's obligation of proving the essential elements of ABIK beyond a reasonable doubt. The PCR judge entered an order granting a request of PCR relief and remanded the matter for resentencing based upon petitioner's absence from an "ex parte hearing." (App. 87-94. The other claims were denied.

Respondents argue that probative evidence support the PCR court's reasonable application of Supreme Court precedent in finding that plea counsel was not ineffective. Respondents argue that petitioner pleaded guilty in 2000 to assault and battery with intent to kill for a brutal assault on his wife. Respondents state and petitioner agreed in his response that he pleaded guilty out of remorse. Respondents argue that the evidence supports the PCR court's findings that counsel did explain the elements of the charge to petitioner and that specific intent is not required to find him guilty of ABIK.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney

performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

In Lockhart v. Fretwell, 506 U.S. 364 (1993), the Supreme Court clarified its definition of prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination . . . is defective." Instead, an appropriate analysis of prejudice should consider "whether the result of the proceeding was fundamentally unfair or unreliable." Therefore, a court analyzing the prejudice prong should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." See Williams v. Taylor, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. Va. Dec. 18, 1998) (quoting Lockhart, at 369-70).

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

Further, a plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid

11

except in extremely limited circumstances, <u>Blackledge v. Allison</u>, 431 U.S. 63 (1977). The statements made by a defendant at the time he pleads guilty are taken as conclusive unless he can clearly demonstrate why those statements were not true, <u>Crawford v. United States</u>, 519 F.2d 347, 350 (4th Cir. 1975).

A review of <u>Hill</u>, <u>supra,</u> by the undersigned reveals the court held that, quoted verbatim:

> Although our decision in <u>Strickland v. Washington</u> dealt with a claim of ineffective assistance of counsel in a capital sentencing proceeding, and was premised in part on the similarity between such a proceeding and the usual criminal trial, the same two-part standard seems to us applicable to ineffective-assistance claims arising out of the plea process. Certainly our justifications for imposing the "prejudice" requirement in <u>Strickland v. Washington</u> are also relevant in the context of guilty pleas.

<u>Hill</u>, 474 U.S. at 56.

In the present case, a thorough review of the record by the undersigned results in the recommendation that respondents' motion for summary judgment be granted. Specifically, when petitioner's claim for habeas corpus relief is liberally construed, the petitioner does not give any supporting facts to substantiate his claims of ineffective assistance of counsel. The record does not indicate that counsel for the petitioner was ineffective.

In his response, petitioner admits that he pleaded guilty to Assault and Battery with Intent to Kill ("ABIK") and received a twenty-year sentence. However, petitioner argues that trial counsel did not explain the elements of ABIK. In his response, petitioner states that he exercised his authority to plead guilty instead of going to trial but his "interest in pleading guilty, by no means, relieved my counsel of his duty to investigate what exactly I am guilty of." (Response, p. 4). Petitioner argues that he did not have any intent to kill his wife and did not realize that he was pleading guilty to this.

A review of the PCR record reveals that trial counsel testified that he had looked at the pictures of petitioner's wife and that they showed she had been badly beaten. (App. 30-31. Counsel also testified that petitioner told him that he wanted to plead guilty immediately and counsel tried to convince petitioner to allow him to investigate the case, wait on discovery and allow counsel to attempt to negotiate with the solicitor. However, Counsel testified that petitioner refused to take his advice. Counsel testified that petitioner insisted on pleading guilty and forbade him from negotiating with the solicitor. (App. 68-71). However, Counsel testified that he still informally spoke with the Solicitor who adamantly refused to allow petitioner to plead to a lesser sentence. (App. 69). Further, counsel testified that he explained the elements of the crime to petitioner who admitted that he choked his wife during the altercation. (App. 67-68). At the PCR hearing, petitioner admitted that an assault took place and that he pulled his wife's hair but denied any injuries resulted from the assault. (App. 55). Petitioner testified at the PCR hearing that he understood that it was a straight up plea so that he could get up to 20 years. (App. 64).

As to the issue of ineffective assistance of counsel/ involuntary plea, the PCR judge found the following:

> Applicant claims that his plea was involuntarily given because counsel did not investigate the case, the Applicant was not advised of the elements of the crime, and that counsel should have sought a plea to lesser included offenses. This Court finds these allegations are without merit.
>
> At the PCR hearing, the Applicant claimed that he did not understand the offense he was pleading guilty to in his mind, the facts of the case were exaggerated, and that he should have been allowed to plead guilty to a lesser offense, such as assault and battery of a high and aggravated nature (ABHAN). Applicant admits that he told counsel that he wanted to plead guilty, but he meant to the charges of criminal

13

domestic violence (CDV) for which he was originally charged. Applicant claims that he never had an intent to kill the victim, and was not guilty of that offense.

Counsel testified that Applicant did admit to an altercation with the victim, including choking the victim. Counsel also testified that he explained the element of ABIK. Counsel testified that the Applicant was very remorseful and wanted to plead guilty. Applicant told counsel that he wanted to accept responsibility for what he did. Counsel testified that the Applicant instructed him not to negotiate with the State on the charges. Counsel testified that despite this, he checked with the prosecutor to see if a plea to a lesser included charges was possible and the prosecutor indicated she was unwilling to allow such a plea. Counsel testified that he never specifically asked the Applicant if he was guilty, but assumed the Applicant was admitting his guilt, particularly where he admitted to choking the victim. Counsel testified that if the Applicant wanted to proceed to trial, he would have attained discovery and prepared for trial.

This Court finds that the Applicant has failed to meet the burden of proof as to these allegations. . . In the instant case, Applicant obviously insisted on pleading guilty. This Court finds incredible his testimony that he did not understand the charges he was pleading guilty to. The plea transcript speaks for itself as to the voluntariness of the plea. The plea court read to the Applicant the body of the indictment alleging that the assault was committed with malice and the intent to kill the victim. Applicant indicated he understood the charge. (Tr. p. 5). Applicant was also advised that he could receive a sentence up to twenty years. Applicant indicated that he understood the nature of the charge and the possible range of punishment he would receive. (Tr. p. 8).. . . This Court also notes that the Applicant did not dispute the factual basis for the plea given by the prosecution.

This Court finds that Applicant's testimony lack credibility while counsel's testimony was credible. This Court is unpersuaded by the Applicant's testimony that he received ineffective assistance of counsel, and further finds that the Applicant has failed to give sufficient reason why he should be allowed to depart from the truthfulness of his answers given during his guilty plea. This Court finds that Counsel's performance was not deficient and that the Applicant was not prejudiced by the alleged deficiency. This Court finds, considering his remorseful nature and apparent willingness to

> take responsibility for his actions, that the Applicant under no circumstances would [not] have plead guilty, and that no actions by his attorney would have prevented him from taking the course he took, which was to plead guilty. This Court finds that the Applicant's plea of guilty was given freely, voluntarily, and intelligently. Therefore, This Court finds that it must deny relief and dismiss this application.

(App. 91-94).

A review of the plea transcript also reveals that the court asked petitioner if he understood that the indictment was for ABIK and that the indictment alleges that he did with malice commit assault and battery upon one Susan cloud with the intent to kill. Petitioner responded that he understood. The Court also asked petitioner if he understood that the maximum possible sentence of that share is a sentence of up to 20 yeas and that offense contains a graduated or enhanced penalty where if he was convicted the penalty would be greater. Again, petitioner responded he understood and that counsel had advised him of these facts. (App. 5-6). Petitioner also informed the court that counsel advised him that by pleading to the ABIK, he would receive a strike. (App. 7). Petitioner stated that he understood the charges against him and the range of possible punishment that he could receive. (App. 8). It is clear from the trial transcript that the trial judge carefully questioned the petitioner as to his understanding of the plea and to his right to a jury trial. As well, the trial judge communicated with the trial counsel on these issues.

The transcript of petitioner's guilty plea reflects the trial court questioned the petitioner thoroughly about his guilty plea. Additionally, the trial court carefully questioned the petitioner as to his understanding of his guilty plea and his right to a jury trial. It is apparent from the trial transcript that the petitioner clearly communicated with the trial judge and clearly understood what

he was doing in pleading guilty.

The record supports the PCR judge's finding that the petitioner has not demonstrated that his attorney's performance was deficient by showing that his representation fell below an objective standard of reasonableness and, further, he has not shown that the attorney's performance actually prejudiced him. Petitioner himself did not correct the judge at the time of the plea when he read the body of the indictment stating the charge of ABIK but stated that he understood the charges, the punishment, and wanted to plead guilty to the charges.

As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. No genuine issue of material fact has been shown in regard to this issue. Strickland, supra. Additionally, the South Carolina Supreme Court denied the petition for writ of certiorari.

In conclusion, the undersigned finds that there was no constitutional violation denying effective assistance of counsel. The undersigned finds that counsel met the reasonableness test of Strickland, supra. Certainly, petitioner has failed, assuming *arguendo* there was error, to show the result was fundamentally unfair or unreliable. Therefore, based on the above, the undersigned recommends that the respondents' motion for summary judgment be granted on this issue.

## VI.  CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that respondents' motions for summary judgment (document # 6 and #8) be GRANTED.

                                              Respectfully Submitted,

                                              <u>s/Thomas E. Rogers, III      </u>
                                              Thomas E. Rogers, III
                                              United States Magistrate Judge

May 23, , 2005
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**