IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| William F. Baskins, # 208572,              ) | |
|         Petitioner,              ) | |
| ) | C.A. No. 4:04-2220-23 |
| vs.              ) | **ORDER** |
| ) | |
| Warden, Kirkland Correctional Institution;   ) | |
| and Henry McMaster, Attorney General for   ) | |
| South Carolina,              ) | |
|         Respondents.              ) | |
| _____ ) | |

This matter is before the court upon the Magistrate Judge's recommendation that summary judgment be entered in favor of Respondents. The record contains a report and recommendation of the United States Magistrate Judge ("the R&R"), which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). Petitioner William F. Baskins ("Baskins") has filed timely objections to the R&R.

## BACKGROUND

Petitioner Baskins is presently confined in the Kirkland Correctional Institution. On August 31, 2000, Petitioner pled guilty to assault and battery with intent to kill ("ABIK"), and was sentenced to twenty years imprisonment on this charge. Following his conviction, Baskins did not file a direct appeal, but instead filed an Application for Post-Conviction Relief ("PCR") on September 28, 2000. In that petition, Baskins alleged that his conviction was unlawful on the grounds that his guilty plea was involuntary due to ineffective assistance of counsel. The Court of Common Pleas of Richland County held an evidentiary hearing on Baskins' PCR Application on July 24, 2002. Baskins' request for PCR was granted based upon his absence from an ex-parte hearing and the PCR court remanded his case for resentencing. On appeal by both parties, the South Carolina Supreme Court denied certiorari of Baskins' appeal on January

10, 2003, and on January 28, 2003 issued a remittitur.[1] The court hereby adopts the more detailed factual summary included in the R&R without a further recitation.

Baskins filed this habeas action *pro se* on June 23, 2004.[2] Baskins claims that he is entitled to relief on the grounds that his conviction was obtained only through denial of effective assistance of counsel.[3] Respondents have moved for summary judgment, and the Magistrate has recommended granting Respondents' motion.

## STANDARD OF REVIEW

### A.     R&R

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. *Id.* After a *de novo* review of the entire record, including the R&R and Baskins' objections, the court concludes that the R&R sets forth the relevant facts and applies the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

---

[1] After the remittitur was issued, Baskins was resentenced on April 5, 2004 to a term of sixteen years confinement with credit for time served.

[2] Although this habeas petition was actually filed on July 14, 2004, the *Houston v. Lack* delivery date is June 23, 2004. 487 U.S. 266 (1988) (holding that a *pro se* petitioner's notice of appeal on federal habeas corpus review is deemed filed on the date that it is given to prison officials for transmittal to the court).

[3] Baskins' ineffective assistance of counsel claim includes the allegations that: (1) he did not understand the elements of ABIK; and (2) he was discouraged by his attorney from pursuing trial.

**B.      § 2254 Habeas Petition**

Since this claim was previously adjudicated by the state court on its merits, habeas relief is warranted here only if Baskins can demonstrate that the adjudication by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08.

"The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable." *Woodford v. Visciotti*, 123 S. Ct. 357, 360 (2002). Thus, "under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment,

3

the state-court decision applied *Strickland* incorrectly." *Bell v. Cone*, 122 S. Ct. 1843, 1852 (2002). "Rather, it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. An 'unreasonable application' of federal law is different from an incorrect application of federal law." *Visciotti*, 123 S. Ct. at 360.

## ANALYSIS

The Magistrate recommended that Respondents' motion for summary judgment be granted. As a threshold issue, the Magistrate concluded that Baskins' claim was untimely. Additionally, the Magistrate concluded that, even if he were to reach the merits of Baskins' claim, Baskins could not establish that his counsel was ineffective. The court addresses each issue in turn.

### A.     Timeliness[4]

The Magistrate determined that Baskins' habeas petition was untimely under 28 U.S.C. § 2244. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). As the Magistrate noted, the statute of limitation period begins to run on the later of "the date on which the judgment became final by the conclusion of direct review" or "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the "[t]ime during which a

---

[4] Since the Petitioner does not appear to raise an objection to the Magistrate's determination of timeliness, other than a mere protest that he was unaware of the existence of AEDPA's statute of limitations, this court is not obligated to consider the issue. 28 U.S.C. § 636(b)(1). The court nevertheless conducts a *de novo* review of the Magistrate's timeliness analysis.

properly filed state court application for collateral review is pending is excluded from the one year period." *Reyes v. Keane*, 90 F.3d 676 (2d Cir. 1996); 28 U.S.C. § 2244(d)(2).

Petitioner's initial conviction was entered on August 31, 2000. Baskins then filed his state PCR Application on September 28, 2000, which effectively tolled the AEDPA statute of limitations before it began to run. The statute of limitations remained tolled throughout the state PCR proceedings.[5] Petitioner's judgment subsequently became final with the South Carolina Supreme Court's issuance of the remittitur on January 28, 2003, at which time the statute of limitations began to run. As the Magistrate properly concluded, Baskins was free to file a habeas petition until January 28, 2004. However, Baskins' petition was not delivered until June 23, 2004, almost five months outside of the statute of limitations. Therefore, Baskins' habeas petition is untimely and should be summarily dismissed.[6]

### B.     Merits of Petitioner's Claim of Ineffective Assistance of Counsel

While this petition is clearly untimely and accordingly the court need not reach the merits, the court also agrees with the Magistrate's conclusion that Baskins can not demonstrate ineffective assistance of counsel.

---

[5] The Magistrate provides a more detailed account of the relevant dates and procedural history in pages 8-9 of the R&R, and the court adopts that account.

[6] In his Opposition to Respondents' Motion for Summary Judgment, Baskins argues that the statute of limitations runs from the date of his resentencing on April 5, 2004. However, Baskins' habeas claims relate only to the original conviction and guilty plea and not to his subsequent resentencing. Baskins alleges he pled involuntarily because he had no information or understanding of the elements of the ABIK charge and was dissuaded from going to trial by his attorney. Because his claim clearly relates only to his original conviction and not to his resentencing, the statute of limitations for this habeas petition under AEDPA properly began to run from the date of the remittitur's issuance, not from the date of resentencing. *See, e.g. Hepburn v. Moore*, 215 F.3d 1208 (11th Cir. 2000).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-98. Although *Strickland* involved a claim of ineffective assistance of counsel in a capital sentencing proceeding, the same two-part standard applies to an ineffective-assistance claim arising out of the guilty plea process. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" counsel's actions. *Strickland*, 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney General of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, Kuzon must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58.

Baskins alleges that his guilty plea was involuntary because his counsel did not provide him with information about the elements of the ABIK charge, and discouraged him from going to trial. As discussed above, "under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly." *Bell v. Cone*, 122 S. Ct. 1843, 1852 (2002). "Rather, it is the habeas applicant's burden to show

that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. An 'unreasonable application' of federal law is different from an incorrect application of federal law." *Woodford v. Visciotti*, 123 S. Ct. 357, 360 (2002).

Furthermore, a habeas petitioner faces a formidable barrier when he attempts to challenge the validity of his guilty plea. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977). When a defendant making a guilty plea is represented by counsel, as Baskins was at that time, his guilty plea is strongly presumed to be valid in subsequent habeas proceedings. *Savino v. Murray*, 82 F.3d 593, 603 (4th Cir.1996) (citing *United States v. Custis,* 988 F.2d 1355, 1363 (4th Cir.1993). A guilty plea "is an admission of all the elements of a formal criminal charge. . . ." *McCarthy v. United States,* 394 U.S. 459 (1969). "[T]he accuracy and truth of an accused's statements . . . in which his guilty plea is accepted are conclusively established by that proceeding unless and until he makes some reasonable allegation why this should not be so." *Crawford v. United States,* 519 F.2d 347, 350 (4th Cir.1975). Further, "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *United States v. Broce,* 488 U.S. 563, 574 (1989); *see also Fields v. Taylor,* 956 F.2d 1290, 1294 (4th Cir. 1992). The only challenges left open in a habeas corpus petition after a guilty plea are the nature of advice of counsel to plead and the nature of the plea as voluntary and intelligent. *See Hill v. Lockhart,* 474 U.S. 52, 56 (1985); *Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *United States v. Signori,* 844 F.2d 635 (9th Cir.1988).

As more thoroughly discussed in the R&R (which has been incorporated into this order), the Magistrate concluded that the Petitioner did not offer any supporting facts from the record

7

to substantiate his ineffective assistance of counsel claim. By contrast, the PCR evidentiary hearing demonstrated that the plea was voluntary in that Petitioner understood the elements of ABIK, did not dispute any underlying facts, and was informed of the possible sentence.[7] After a *de novo* review, the court agrees with the Magistrate that the state court did not apply *Strickland* to Baskins' ineffective assistance claims in an objectively unreasonable manner. Therefore, Baskins' petition cannot succeed on the merits.

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Respondents' Motion for Summary Judgment is hereby **GRANTED**, and Baskins' § 2254 motion is **DENIED**.

**AND IT IS SO ORDERED**.

**S/ Patrick Michael Duffy**
**PATRICK MICHAEL DUFFY**
**UNITED STATES DISTRICT JUDGE**

**Charleston, South Carolina**
**June 15, 2005**

---

[7] See R&R pages 12-15.